Filed 7/26/22 P. v. Espinosa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SHAUN MICHAEL ESPINOSA,<br><br>    Defendant and Appellant. | F083105<br><br>(Super. Ct. No. F19903199)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. F. Brian Alvarez, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Kari Mueller and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

Defendant Shaun Michael Espinosa contends on appeal that his case should be remanded for resentencing to permit the trial court to exercise its new discretion under Penal Code section 654,[1] as amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) to determine which of his sentences should be stayed. The People agree.

We also ordered the parties to submit supplemental briefing regarding the impact of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified section 1170, subdivision (b), to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) It further modified section 1170, subdivision (b), to require that the circumstances in aggravation be found true beyond a reasonable doubt by the jury (or the court in a bench trial) or be stipulated to by the defendant. (*Ibid.*) Defendant contends his sentences on counts 2, 7, 8, 9, 10, 11, 12, 16, and 19 must be vacated and his case remanded for resentencing in light of Senate Bill 567's amendments to section 1170, subdivision (b).

We vacate defendant's sentence and remand for a full resentencing. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On August 6, 2020, the Fresno County District Attorney filed an information charging defendant with 24 counts: stalking (§ 646.9, subd. (a); count 1); first degree burglary with a nonaccomplice present (§§ 459/460, subd. (a), 667.5, subd. (c)(21); count 2); five counts of attempted first degree residential robbery (§§ 664/211; counts 3–7); five counts of assault with a firearm (§ 245, subd. (a)(2); counts 8–12); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 13); battery with serious bodily injury (§ 243, subd. (d); count 14); two counts of battery (§ 243, subd. (e)(1); counts 15 & 20); two counts of evading an officer (Veh. Code, § 2800.2, subd. (a); counts 16 & 24); driving the wrong way while evading an officer (Veh. Code § 2800.4;

---

[1] All statutory references are to the Penal Code unless otherwise noted.

count 17); resisting or delaying an officer (§ 148, subd. (a)(1); count 18); attempted kidnapping (§§ 664/207, subd. (a); count 19); contempt of court (§ 166, subd. (c)(1); count 21); felony vandalism (§ 594, subd. (a); count 22); and disobeying a domestic relations court order (§ 273.6, subd. (a); count 23).

It was further alleged as to counts 3 through 7 that defendant personally discharged a firearm (§ 12022.53, subd. (c)); and in counts 2 and 8 through 12 that defendant personally used a rifle (§ 12022.5, subd. (a)).

On March 8, 2021, defendant entered an open plea of no contest to all charges and admitted the enhancement allegations.

On May 26, 2021, the court sentenced defendant to a total of 49 years, four months in state prison. On count 7 (attempted first degree residential robbery), the trial court imposed three years (the upper term), plus 20 years for the firearm enhancement (personal discharge of a firearm). On each of counts 4 through 6, the trial court imposed eight months (one-third the midterm), plus six years, eight months (one-third the midterm) for the firearm enhancement, consecutive. On count 13, the trial court imposed eight months (one-third the midterm), consecutive. On count 14, the trial court imposed one year (one-third the midterm), consecutive. On counts 1, 17, 22, and 24 the trial court imposed eight months (one-third the midterm), consecutive.

On counts 2, 8 through 12, 16, and 19, the trial court imposed upper terms on the offenses and on their enhancements and on count 3, the trial court imposed one-third the midterm on the offense and its enhancement, but stayed the sentences on those counts pursuant to section 654. On the misdemeanor counts 15, 18, 20, 21, and 23, the trial court also stayed defendant's sentences pursuant to section 654.

Defendant was awarded 856 days of presentence custody credit.

Defendant filed a notice of appeal on July 26, 2021.

## FACTUAL SUMMARY

Defendant and M.M. were in an on-again, off-again dating relationship for several years. Defendant had a history of physically abusing M.M. while they were together, and harassing her when she tried to end the relationship on different occasions.

On May 6, 2019, at 3:00 a.m., defendant entered M.M.'s home wearing a Halloween mask and carrying an air soft rifle or pellet gun. M.M., her parents and four siblings were inside the home. Defendant demanded their phones, chased them, and slammed a door into one of their legs, bruising it. He slapped M.M. so hard that he knocked her down. During this altercation, he also fired his gun at M.M.'s family members three times, narrowly missing them. He fled when they said someone would hear him and call the police. The family called 911 but defendant had already fled by the time police officers arrived.

M.M. next saw defendant less than a week later, on May 12, 2019, as she exited her grandmother's home. He drove past her in a car she did not recognize.

Police officers spotted defendant the next day, May 13, 2019. Defendant fled at a high rate of speed until he stopped his car at a barricade. He exited his car and tried to flee on foot but was detained and arrested.

## DISCUSSION

### I.      Assembly Bill 518

Defendant contends the case should be remanded for the trial court to determine which four of his sentences on counts 4 through 7 and 9 through 12 should be stayed pursuant to section 654, as amended by Assembly Bill 518, because it now gives the trial court discretion to determine which of defendant's sentences to stay. The People agree, as do we.

Section 654 limits punishment for multiple offenses where the "act or omission" or course of conduct is indivisible in time and pursued according to a single objective or intent. (*People v. Beamon* (1973) 8 Cal.3d 625, 639.) A single act can be punished more than once, however, if it impacts multiple victims. (*Ibid.*)

Former section 654 required that an act or omission that was punishable in different ways by different laws had to be punished under the law that provided for the longest possible term of imprisonment. (Former § 654, subd. (a).) On October 1, 2021, Assembly Bill 518 was signed into law. It amends section 654, removing that

4.

requirement and granting the trial court discretion to impose punishment under any of the applicable provisions. (Stats. 2021, ch. 441, § 1.) Section 654 now provides:

> "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).)

Assembly Bill 518 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Assembly Bill 518's amendment to section 654 gives the trial court discretion to lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 654 applies to all cases not final on Assembly Bill 518's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

" '[W]hen the record shows that the trial court proceeded with sentencing on the … assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [remand in light of amendment which vested courts with discretion to strike or dismiss firearm enhancements].)

As defendant contends, his case was not final on January 1, 2022, and the court applied former section 654 when it sentenced defendant. As the parties agree, the trial court correctly concluded that the offenses charged in counts 9 through 12, assault with a firearm and the attendant firearm allegations, were part of the same course of conduct as the attempted residential robbery and the attendant firearm allegations charged in counts 4 through 7. Applying former section 654, it imposed the sentences for counts 4 through 7, the attempted residential robberies and the firearm enhancements, because they carried the longest terms of imprisonment, and stayed defendant's sentences on counts 9 through 12. On count 7, attempted first degree robbery, the trial court imposed a base upper term of three years, plus 20 years for the firearm enhancement. On the subordinate counts 4 through 6, attempted robbery, the trial court applied the multiple violent victims exception (see *People v. Beamon*, *supra*, 8 Cal.3d at p. 639) and imposed consecutive one-third the midterm of eight months, plus one-third the midterm of six years, eight months for the firearm enhancements.

While Assembly Bill 518's amendment to section 654 does not change the trial court's analysis of which counts section 654 applies to, it gives the trial court new discretion to determine whether to stay the sentence on the attempted first degree residential robbery convictions (counts 4–7) in lieu of the sentence on the assault with a firearm convictions (counts 9–12).

Defendant contends, and the People agree, that the trial court must be permitted to exercise its new discretion under section 654, as amended by Assembly Bill 518, to determine whether to use one of the shorter-term offenses that it previously stayed as the basis for defendant's sentence, rather than use the offenses with the longest term of confinement, as former section 654 required.

As the trial court here was unaware of this discretion, it had no reason to explicitly discuss the possibility of determining which sentences to stay, and the record contains no indication by the trial court of the sentence it would have imposed, had it been aware of this discretion.

Accordingly, we vacate defendant's sentence and remand defendant's case for resentencing. We express no opinion on how the trial court should exercise its discretion.

## II. Senate Bill 567

Defendant contends the trial court's sentence to the upper term on counts 2, 7, 8, 9, 10, 11, 12, 16, and 19 should be vacated and the case remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b). The People argue that we need not address whether the trial court's sentence meets the requirements of amended section 1170 in light of the People's concession that a remand is required for Assembly Bill 518 purposes because defendant will be able to raise his Senate Bill 567 claim at the resentencing hearing. We agree with the People.

Upon remand, the trial court may revisit all its prior sentencing decisions under section 1170, subdivision (b), as amended by Senate Bill 567. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant."]; *People v. Jones* (2022) 79 Cal.App.5th 37, 46 [where a defendant's sentence is potentially affected by recent amendments to sections 654 and 1170, subdivision (b), remand for a full resentencing is appropriate]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893.) "A court conducting a full resentencing also may, as appropriate, revisit sentencing choices such as a decision … to impose an upper term instead of a middle term …." (*Valenzuela*, at p. 425.)

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.